[Crim. No. 8669.   Second Dist., Div. Four.   Oct. 10, 1963.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  ALBERT WRIGHT, Defendant and Appellant.

John W. Loucks, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—By an indictment of Los Angeles County grand jury, defendant was charged with selling .narcotics, heroin, in violation of section 11501 of the Health and Safety Code. The indictment was subsequently amended to charge two prior felony convictions, (1) possession of narcotics, a felony, and (2) violation of the Dangerous Weapons Control Law, also a felony. Defendant pleaded not guilty. Trial was by the court, trial by jury having been duly waived by defendant and all counsel. Defendant and all counsel also waived trial by jury on the issue of the determination of the truth or falsity of the priors as alleged in the indictment. Defendant was found guilty as charged and the priors were found to be true. Probation and defendant's motion for a new trial were denied. Defendant moved the court for a referral of his case, pursuant to the provisions of section 6451 of the Penal Code, on the grounds of his addiction to narcotics, or of his being in imminent danger of addiction, which motion was denied by the court.

Defendant, although represented by counsel at the trial, originally appeared on appeal in propria persona.[1] There-

---

[1]Defendant has filed in propria persona, opening, reply, and supplemental briefs on appeal. All have been considered by this court.

after, at defendant's request, John W. Loucks was appointed to represent defendant on appeal.

Wesley E. Toles testified he was an undercover officer for the narcotics division of the Los Angeles Police Department. He had seen defendant approximately two or three times within two weeks prior to the date of March 23, 1962, (the date of the alleged narcotics transaction), and had talked with defendant on at least two occasions.

At approximately 2:10 p.m. on March 23, 1962, Officer Toles, accompanied by Tom Dudley, an informer, was driving his auto on Central Avenue in Los Angeles when he observed an automobile occupied by defendant and Roscoe Dandy. The informer called to defendant, who was driving, and defendant motioned for them to follow him. Defendant drove to the 700 block on Kohler Street and parked. The four persons alighted from their automobiles and engaged in conversation. Dandy said, "Look, man, we only have three caps. When you buy them we can all go over to Red's house and fix." (Meaning to take an injection of heroin.) The informer answered, "You must be crazy. You are out of your mind. You think we are only getting three caps and you think we are going to give you some." Defendant then asked Officer Toles, "Listen, man, while they are arguing, let's you and I go and have a talk." When defendant and the officer had walked a short distance from Dandy and the informer, defendant said, "Listen, you are a pretty good kid. Are you sure you aren't the man?" (Meaning in narcotics jargon, a policeman.) The officer replied, "Well, what makes you think I'm the man, Red?" Defendant replied, "No one has ever seen you fix." The officer stated, "Well, Red, no one has ever seen me fix because I try to be in secret. The more people that know your business, the greater the chance you're taking and you're subject to the penitentiary." Defendant agreed. He then told Officer Toles he used dope because of his ankles. He showed the officer his legs, which appeared to be swollen and discolored at and above the ankles. The officer then said, "Look, man, I'm going. If you sell me some . . . if you sell me narcotics . . . some dope, you won't be able to sleep at night. You think I'm the man. I'm leaving." Defendant said, "No, wait a minute." After some further argument in the same vein the officer gave defendant a ten-dollar bill and defendant handed the officer a one-dollar bill and three capsules. Officer Toles took the capsules to the Police Administration Building and later arrested defendant.

At the trial it was stipulated by and between all counsel that the three capsules contained in Exhibit 2, were the three capsules that Officer Toles testified he bought from defendant. It was further stipulated that Richard Bingle was called as an expert and testified that he made a clinical examination of the capsules and in his opinion the capsules contained heroin.

Defendant testifying in his own behalf, denied he knew Officer Toles and stated that the first and only time he had ever seen him before was on the night of his arrest. He denied ever having been in the vicinity of Kohler Street or that he frequented that area. He also denied he was ever in the presence of Tom Dudley (the informer), or Roscoe Dandy. He denied he sold any narcotics to anyone in March of 1962, and in response to the query by defense counsel, "Did you ever sell narcotics to anyone else in March?" defendant answered "No, sir, I never had enough to sell." He admitted he had been using narcotics prior to this date. He denied that he showed his ankles to the officer or to anyone else. He admitted, however, that he did have some difficulty with his ankles.

In defendant's briefs on appeal filed in propria persona, his principal ground for appeal is the "insufficiency of the evidence to sustain a conviction." Defendant's counsel, in his brief, concedes that "construing the evidence in favor of the judgment there is sufficient evidence to sustain the judgment of the trial court as a violation of section 11501, of the Health and Safety Code." We agree.

■ Defendant (through his appointed counsel) contends that the alleged prior convictions should have been determined before they were offered in evidence as an exhibit. This contention is without merit. The record reflects defendant personally and all counsel waived the right of a jury trial on the issue of determination of truth or falsity of priors and that the truth or falsity of the priors might be determined by the court at the time of probation and sentence. At the time of the stipulation the People offered into evidence by reference the two superior court files pertaining to the priors. Defense counsel stated he had no objection.

■ Defendant (through his appointed counsel), next contends that there was error in the determination of the two prior convictions. We agree that the court committed error in its finding that one of the priors, the violation of the Dangerous Weapons Control Law, was true and correct. The supe-

rior court records show that this charge was dismissed on July 28, 1954, at the time defendant was sentenced to state prison. The evidence is sufficient to sustain the court's finding that the prior of possessing narcotics is true as alleged.

█ Defendant contends that his rights of confrontation and cross-examination were denied by the stipulation as to the testimony of Richard Bingle, the forensic chemist, who was not present in court. This contention is also devoid of merit. The testimony of the chemist was received pursuant to a stipulation made in open court between attorneys for the respective parties and we can conceive of no reason why it was not properly received. █ "[A] defendant may not assert on appeal procedural rights which he waived at the trial." (*People* v. *Wilson,* 78 Cal.App.2d 108, 120 [177 P.2d 567]; *People* v. *Kobey,* 105 Cal.App.2d 548, 560 [234 P.2d 251].)

Defendant contends that he was inadequately represented by counsel at the trial. It is apparent from the record that defendant's counsel actively and adequately represented him. Furthermore, the record discloses that defendant expressed no dissatisfaction with his counsel at the time of trial. █ "If defendant felt his counsel did not adequately represent him he should have complained to the trial court and given that court an opportunity to correct the situation. In the absence of such complaint the acts of defendant's counsel are imputed to him. [Citations.]" (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743]; and quoted in *People* v. *Prado,* 190 Cal.App.2d 374, 377 [12 Cal.Rptr. 141].)

Defendant contends that the trial court abused its discretion in denying probation and in denying his request for treatment for narcotic addiction. We construe the latter contention to mean that defendant challenges the trial court's denial of defense counsel's motion to refer his case pursuant to section 6451 of the Penal Code.

█ In 1941 defendant was convicted in the Superior Court of Los Angeles County of the crime of possession of a narcotic, now made a felony. The court having found the prior narcotic conviction to be true, the penalty which it was compelled by law to impose was to sentence defendant to the state prison for the term prescribed by law, which is 10 years to life. (Health & Saf. Code, § 11501.) Therefore, the minimum term of imprisonment being for more than five years, under the provisions of section 6452 of the Penal Code

defendant is made ineligible for commitment under the Narcotics Detention and Rehabilitation Act. (Stats. 1961, ch. 850, p. 2221.)

The other contentions raised by defendant have been considered by the court but it having found them to be wholly without merit nothing would be served to discuss them at length.

Inasmuch as a prison sentence is mandatory under the circumstances, no useful purpose would be served in remanding the case to the trial court for reimposition of sentence for purposes of correcting the finding with respect to one of the priors. The judgment is therefore modified by striking the court's finding that the prior, ''violation of Dangerous Weapons' Control Law, a felony,'' is true and correct. In all other respects, judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.