**Albert WRIGHT, Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

**No. 22775.**

United States Court of Appeals
Ninth Circuit.

June 9, 1969.

Joseph S. Genshlea (argued) of Downey, Brand, Seymour & Rohwer, Sacramento, Cal., for appellant.

Nelson P. Kempsky (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Edward A. Hinz, Jr., Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and TAYLOR, District Judge.*

BARNES, Circuit Judge:

Appellant, a California state prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), seeking his release from prison. Following an evidentiary hearing and the submission of briefs by both parties, the district court issued an order denying the petition for the writ. Notice of appeal was timely filed, and a certificate of probable cause to appeal was issued by the court below. Our jurisdiction arises under 28 U.S.C. § 2253. We affirm.

In September 1962, appellant was convicted of selling heroin, in violation of California Health and Safety Code § 11501. Two prior felony convictions (possession of narcotics and violation of the Dangerous Weapons Control Law) also charged against him were found to be true. The conviction was later affirmed by the California District Court of Appeal in People v. Wright, 221 Cal. App.2d 109, 34 Cal.Rptr. 292 (1963), where it was also held that the trial court had committed error in finding that the alleged violation of the Dangerous Weapons Control Law was true and correct, as the superior court records showed that this charge had been dismissed. The judgment was modified by striking the finding of this prior conviction, and was affirmed in all other respects. The court held that this modification did not affect the sentence which

had been imposed. In the same decision, the state court also stated:

"Defendant contends that he was inadequately represented by counsel at the trial. It is apparent from the record that defendant's counsel actively and adequately represented him. Furthermore, the record discloses that defendant expressed no dissatisfaction with his counsel at the time of trial. 'If defendant felt his counsel did not adequately represent him he should have complained to the trial court and given that court an opportunity to correct the situation. In the absence of such complaint the acts of defendant's counsel are imputed to him. [Citations.]' " Id. at 113, 34 Cal.Rptr. at 294–295.

In the court below in this habeas corpus proceeding, and here on appeal, appellant contends that his conviction is invalid because (1) he did not have the effective aid of counsel in the preparation and trial of his case, and (2) he did not effectively waive his right to a trial and to a jury with respect to the prior convictions which were charged. As to the first point, appellant maintains that his trial attorney failed to advise him properly whether to demand or waive jury; that his trial attorney so negligently prepared for and conducted his case that the attorney, through a misunderstanding of the law of entrapment, destroyed the appellant's only defense— his credibility; and that the attorney so carelessly prepared for the trial that he submitted both alleged prior convictions to the judge without raising any objections, when in fact both convictions were untrue as alleged.

The district court held a hearing in order to consider the validity of the above contentions, and to obtain the evidence relevant thereto. At this hearing, both appellant (represented by new' counsel) and his former trial attorney were present, and both testified. Moreover, both were questioned thoroughly

* Honorable Fred M. Taylor, Chief Judge, United States District Court, Boise, Idaho, sitting by designation.

by the court regarding the handling of appellant's trial.

Thereafter the court concluded:

"It appeared that trial counsel was at the time of trial competent and experienced, both as a prosecutor and defense counsel in narcotics cases. It further appeared that counsel conducted the trial in his usual manner.

"The testimony heard by this court wholly failed to establish petitioner's contention that his representation by trial counsel was inadequate.

\*     \*     \*     \*     \*     \*

"The court has had before it a quite complete record of the trial with transcripts and documents. These records do not substantiate petitioner's claim he was not adequately represented by counsel. Based on all the records and testimony heard by the court, it is apparent that petitioner's counsel actively represented petitioner at his trial." C.T. 187–188.

█ We now turn to those questions here raised by appellant. Initially, we note that appellant bears the burden of showing that he did not have effective assistance of counsel. Rodriguez v. Hanchey, 359 F.2d 724, 728 (5th Cir. 1966); Eubanks v. United States, 336 F.2d 269, 272 (9th Cir. 1964); Reid v. United States, 334 F.2d 915, 919 (9th Cir. 1964). And to sustain that burden, and thereby show that his sixth amendment rights were violated, appellant must demonstrate that his counsel was so incompetent or inefficient as to make the trial a farce or a mockery of justice. Dalrymple v. Wilson, 366 F.2d 183, 185 (9th Cir. 1966); Thomas v. United States, 363 F.2d 849, 851 (9th Cir. 1966); Bouchard v. United States, 344 F.2d 872, 874 (9th Cir. 1965); Reid v. United States, 334 F.2d 915, 919 (9th Cir. 1964); Peek v. United States, 321 F.2d 934, 944 (9th Cir. 1963).

At the district court hearing, appellant's former attorney was questioned in detail by appellant's new (and current) counsel regarding the advice he gave appellant on whether to waive or demand a jury. He testified as appears in the margin.[1]

█ Appellant contends that his trial attorney's practice amounted to an abdication on the part of counsel of one of the prime duties of a criminal defense lawyer. He argues that in making the critical decision of whether or not to demand a jury, he was completely without the assistance of counsel. We disagree, as did the district court. The above evidence indicates that appellant's counsel explained to him the relative merits of a judge or jury trial, so that when appellant chose to be tried by a judge, he did so not simply as a layman, but as a layman with the advice of counsel.

Whether his counsel's approach was the one best suited to the needs of appellant in the circumstances of his case, we cannot say—and need not decide. We do hold, however, that the advice given to appellant was not so inadequate as to render the trial "a farce or a mockery of justice."

█ We next consider appellant's contention that as a result of poor preparation, his trial counsel destroyed his only defense. At the trial, appellant attempted to establish two alternative defenses. First, through questioning the

---

1. "I don't recall the specific conversation, but my practice, sir, is to explain to each defendant the fact that they're entitled to a trial by a jury. I explain to them what a trial by a jury is, consisting of twelve people in determining the guilt or innocence on the factual basis. And I explain to them the Court determines the law. I then explain to them that they can be tried by the Court sitting without a jury and I also explain to them the fact that a particular judge then will sit as a trier of fact and I have further discussions with them. I ask them what they want to do. Many times they say, 'I want to go to trial.' Many times they'll say, 'I'll leave it up to you.'

"I will explain to them it's their right, not my right. I suggest they waive the judge because I did not want the responsibility of suggesting to them that they waive and then at a later time be faced with the responsibility of saying it was my idea." R.T. 18.

officer who had allegedly purchased heroin from appellant, defense counsel attempted to prove a case of entrapment. Second, through appellant's testimony, the defense tried to establish that appellant had not participated in the crime charged. Appellant here maintains that this manner of presentation negated his credibility, so that his second—and allegedly, only—defense was rendered incredible.

Appellant suggests that the strategy adopted was possible only because defense counsel was misinformed as to the law of entrapment at the time of appellant's trial; that California law then provided that if a defendant denied any knowledge of, or part in, the transaction with which he was charged, the defense of entrapment was not available to him. This is correct. See, for example, People v. Herrera, 232 Cal.App.2d 558, 559, 43 Cal.Rptr. 12 (1965), and People v. Spencer, 193 Cal.App.2d 13, 18, 13 Cal. Rptr. 881 (1961).[2]

However, to agree that appellant's counsel misunderstood the law of entrapment is not to agree that his error was of constitutional proportions. We have held that such error may exist where trial counsel *failed to present a crucial defense*, as in Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962),[3] but the present appellant has not claimed a failure to present a defense. Rather, he is complaining that his attorney presented too many defenses. We hold that this was a question of trial strategy, and not sixth amendment rights.

Next, appellant asserts that the inadequacy of his representation is shown by the fact that his counsel erroneously stipulated to two prior convictions, both of which—appellant alleges—were false. Appellant made this argument in the California District Court of Appeal (People v. Wright, *supra*), with the re-

sult that the alleged dangerous weapons offense was stricken from the findings. It was further held that this modification did not affect the judgment or sentence. In addition, the court held that the prior alleged narcotics offense was true.

■ The problem in the present case arises from the fact that appellant's 1941 conviction for possession of marijuana was then treated as a misdemeanor, and that it was alleged to be a felony at the time of his trial. Since 1961, however, California Health and Safety Code § 11504 has provided that narcotics offenses such as the one of which appellant was convicted are to be classified as "felony offenses" and treated as felonies for recidivist purposes, regardless of the original classification. Thus, to have been technically correct, appellant should have been charged with a prior felony *offense*, instead of a prior felony. But this distinction is one of form rather than substance, and trial counsel's error in this regard did not reduce the trial to a sham.

We next consider appellant's last argument—that his conviction is invalid because "he did not effectively waive his right to a trial and to a jury with respect to the prior convictions with which he was charged," (Appellant's Opening Brief, page 8) for the reason that his attorney did not discuss with him the reasons for the waiver. The district court made no specific finding with regard to this issue, but that court's general finding necessarily required a consideration of the factual conflicts and their resolution against appellant's position. United States v. Read, 411 F.2d 582 (9th Cir. 1969).

■■ Initially, we note that under California law a prior conviction charge is to be determined solely as one of the

2. California entrapment law has since been changed, so a defendant may now deny participation and assert entrapment. People v. Perez, 62 Cal.2d 769, 44 Cal. Rptr. 326, 401 P.2d 934 (1965). See our discussion of California entrapment law

in Benson v. Carter, 396 F.2d 319 (9th Cir. 1968).

3. The California Supreme Court recently said the same thing in People v. Hill, 76 Cal.Rptr. 225, 452 P.2d 329 (1969).

issues in the trial for the new offense, and where a defendant waives a jury trial he is deemed to have consented to a trial of all the issues in the case before the court sitting without a jury. People v. Russell, 195 Cal.App.2d 529, 16 Cal. Rptr. 9 (1961). Appellant has indicated no constitutional provision which would prohibit this state practice, and we know of none. Thus, by waiving jury trial as to the charge of selling heroin, appellant waived jury consideration of the prior convictions charged.

■ Moreover, the record in appellant's case specifically reflected that defendant personally, and all counsel, stipulated that the truth or falsity of the "priors" might be determined by the court at the time of probation and sentence. People v. Wright, 221 Cal.App.2d at 112, 34 Cal.Rptr. at 294.

Admitting that he waived jury trial of the "priors," appellant is forced to maintain that he did not *effectively* waive this right, citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Wilson v. Gray, 345 F.2d 282 (9th Cir. 1965); and Cipres v. United States, 343 F.2d 95 (9th Cir. 1965). We find that these cases are not controlling in the instant matter. In Johnson v. Zerbst, the Court was dealing with a petitioner who was convicted and sentenced without the assistance of counsel, and who contended that he was ignorant of his right to counsel. In these circumstances, the Court held that there had not been an intelligent waiver of the sixth amendment right to counsel. This waiver of the right to counsel, for all purposes in the case, without the advice of anyone, is not the equivalent of appellant Wright's waiver of jury trial of his prior convictions, the latter waiver being made with the knowledge and consent of counsel, following advice to the defendant regarding the jury trial system—albeit without reference to the particular issue of prior convictions.

In Wilson v. Gray, *supra*, this court held that the right of the accused to cross-examine and confront the prosecution witnesses was effectively waived *by the action of his counsel* in stipulating, in the accused's presence, to trial without jury on the transcript of the preliminary hearing, although *the accused himself did not expressly waive this right*. In Cipres v. United States, *supra*, we remanded the case, so the district court could more thoroughly explore the question of whether there had been a waiver of the fourth amendment right against unreasonable search and seizure, where a number of circumstances (consent obtained under "color of the badge," a statement rendering the consent ineffectual, false assertions of innocence, and an inquiry as to whether the officers had a search warrant) suggested that there had not been a free waiver.

In a number of other cases in addition to Wilson v. Gray, *supra*, this court has upheld certain waivers of defendants' rights by their counsel. See, Poole v. Fitzharris, 396 F.2d 544 (9th Cir. 1968); Symons v. Klinger, 372 F.2d 47 (9th Cir. 1967); Butler v. Wilson, 365 F.2d 308 (9th Cir. 1966).

Appellant was fairly tried in the state court, and had a careful consideration in the district court of his complaints. We find no error, and the judgment of the district court is affirmed.