**Adolph W. BONNER, Petitioner,**

v.

**Merle R. SCHNECKLOTH, Respondent.**

**Civ. No. 69–795.**

United States District Court,
C. D. California.

Feb. 16, 1970.

Adolph W. Bonner, petitioner, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., James L. Markman, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

In the Superior Court for the County of Los Angeles, Petitioner pled guilty to two counts of robbery in violation of Calif.Penal Code, § 211. Petitioner is now incarcerated at the California Conservation Center, Susanville, California.

Petitioner contends that his guilty plea was not made knowingly and voluntarily and that his conviction resulted from ineffective assistance of counsel. Petitioner alleges that his guilty plea was coerced because he was ignorant of the consequences of his plea, he feared that he would be given the death sentence if he did not plead guilty, and his defense counsel threatened to withdraw if he did not plead guilty. Petitioner contends that his counsel was ineffective because his attorney did not discuss any defenses or other legal maneuvers with Petitioner.

Petitioner's codefendant in the robbery, Willie C. Coleman, previously has filed a petition for Federal habeas corpus in the Northern District of California, where it is presently being considered by Judge Alfonso J. Zirpoli. Willie C. Coleman v. Lawrence E. Wilson, Warden, Northern District of California, No. 45670. Like the Petitioner Bonner in our Court, Petitioner Coleman has alleged that his guilty plea was not voluntarily and knowingly made because it was the product of fear of the death penalty, threatened withdrawal by counsel on the eve of trial, and ignorance of the consequences of the plea. Initially Judge Zirpoli dismissed Coleman's petition without a hearing, but the United States Court of Appeals, Ninth Circuit, reversed and remanded. Coleman v. Wilson, 401 F.2d 536, 537 (9th Cir., 1968). The Court of Appeals held that the record conclusively established that Petitioner's guilty plea was not a product of fear of the death penalty, but also held the District Court erred in not conducting an evidentiary hearing on the other two allegations; namely, that Petitioner's guilty plea was coerced by ignorance of the consequences of his plea and threatened withdrawal by counsel on the eve of trial. An evidentiary hearing was held in the Northern District of California on May 23, 1969. At our re-

quest a complete transcript of that hearing has been sent to us and we have had the opportunity to fully consider the testimony presented there.

After reviewing the Petition, the Response, the Exhibits attached to the Response, the Traverse, the Transcript of the Evidentiary Hearing conducted in the Northern District of California in Coleman v. Wilson, No. 45670, on May 23, 1969, and the numerous arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that this Petition for Writ of Habeas Corpus be denied for the following reasons.

■ The testimony elicited at the evidentiary hearing in the Northern District of California clearly shows that Petitioner was aware of the consequences of his guilty plea. On the eve of their trial, both codefendants and their respective counsel met and discussed the charges and legal options available to the defendants. During the evidentiary hearing, codefendant Coleman's attorney, Dan O'Neil, testified that he had stated at the evening conference when both defendants were present that the penalty for robbery was five years to life, and that the period of confinement ultimately would be determined by the California Adult Authority. (Transcript of May 23, 1969 Evidentiary Hearing, Northern District of California, No. 45670, pp. 60 and 80). In addition, when Petitioner Bonner entered his guilty pleas to the two robberies, he stated in open Court that he had carefully discussed his plea with his attorney, and that his plea had not been induced by any promised reward or lesser sentence. (Transcript of Plea of Guilty before Hon. John G. Barnes, Superior Court for the County of Los Angeles, August 10, 1965, No. 304328, p. 2).

■ The allegation that Petitioner's counsel threatened to withdraw on the eve of trial is without merit. Petitioner's colloquy with the Court at the time of his guilty plea demonstrates on the face of the record (Transcript of Plea of Guilty, supra, pp. 1–3) that nothing induced his guilty plea and that he entered the plea "freely and voluntarily" because he believed himself guilty of the two robberies. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, the identical allegation was made by Petitioner Coleman in the Northern District of California, and the testimony of Coleman's attorney at the evidentiary hearing shows that Petitioner Coleman deliberately misconstrues the clear meaning of the words employed by his attorney.

"Q Did you threaten to withdraw from the case unless Mr. Coleman entered a plea of Guilty?

"A [M]ay I say I have been terribly concerned over this statement and all the statements made by the petitioner. I have gone back up into the county jail and sat at those tables where I had talked with Mr. Coleman to try and re-live in my own mind everything that happened, searching myself and my thoughts to see what I could have said that Mr. Coleman could have drawn this inference from.

"I know I never told him in effect, 'If you do not plead guilty I will withdraw,' because I know it wouldn't be possible for me to do this as appointed counsel without any reason for it.

"But I did tell Mr. Coleman that in my opinion I can't win this case. I do not know any lawyer that can defeat all these charges against you. If you know someone, Mr. Coleman, that can do it, then I suggest you get such a person, but I don't think anyone can beat these charges.

"I tell you now, I do not think we can prevail and again I reiterated to him that I will gain financially, but I don't think you will and please listen to me. You are too young a man to take this chance. But again, I say I never had much communication coming from Mr. Coleman to me, even on the second time.

"I don't remember him saying much of anything to me the second time,

but he was listening to me and I really wanted desperately for him to take my advice." (Transcript of May 23, 1969 evidentiary Hearing, Northern District of California, No. 45670, pp. 60–61).

Petitioner Bonner was present in the conference room when these statements were made to Petitioner Coleman, and it is clear that Petitioner Bonner, like Petitioner Coleman, simply misconstrues the words of attorney Dan O'Neil. In addition, it should be remembered that Petitioner Bonner did not file his petition with our Court until after the Ninth Circuit Court of Appeals had ruled that Petitioner Coleman was entitled to an evidentiary hearing, and then with this obvious encouragement he has attempted to phrase his allegations in the same manner as Petitioner Coleman.

■ Petitioner's assertion that his guilty plea was involuntary because it was produced by fear of the death penalty is likewise without merit. The threat of the gas chamber is not something for which the prosecution or Petitioner's counsel must take responsibility; instead, that threat is imposed by law. No doubt Petitioner might have been confronted with a difficult decision, but that did not render his guilty plea involuntary. Smith v. Wilson, 373 F.2d 504 (9th Cir., 1967).

■ Petitioner contends that his counsel was ineffective because his attorney did not discuss any defenses or other legal maneuvers with him. The allocution at the time of Petitioner's guilty plea, and the testimony of Attorney O'Neil at the evidentiary hearing in the Northern District of California, clearly show that his counsel had discussed the charges and the nature of the offenses with Petitioner. The transcripts we have cited and analyzed demonstrate that Petitioner was adequately represented by counsel, and consequently this Court finds that Petitioner has not sustained his burden of proving that "the service of counsel was of such a caliber as to amount to a farce or mockery of justice." Grove v. Wilson, 368 F.2d 414, 416 (9th Cir., 1966); and Knowles v. Gladden, 378 F.2d 761 (9th Cir., 1967).

From the preceding analysis of Petitioner's contentions, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing. In a recent case where a petitioner contended that he was coerced into pleading guilty and was not adequately represented by counsel, the Court of Appeals, Ninth Circuit, stated:

"This court has granted evidentiary hearings after a plea of guilty in the trial court, when there existed factual allegations of a deprivation of a constitutional right, not rebutted by the record of proceedings in that court. Here we have the cold certainty of the record as to what happened at the 1962 plea of guilty, and as to what petitioner's understanding of the law was when it was not to his advantage to understand otherwise. Unless we were to adopt a rule that every writ of habeas corpus filed by a state prisoner requires an evidentiary hearing, there must be some line of demarcation, where some discretion, however small, remains in the district court. Otherwise 28 U.S.C. § 2243, and particularly the last paragraph thereof, means nothing." Dennis v. People of the State of California, 414 F.2d 424, 428 (9th Cir., 1969).

Finally, it is clear that there are no grounds or reasons to support the ultimate issuance of a writ of habeas corpus. Petitioner is not entitled to any relief since he does not demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3) (1959); and Martinez v. Wilson, 357 F.2d 173 (9th Cir., 1966).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.