**John Wesley RILEY, Appellant,**

v.

**L. E. WILSON, Appellee.**

**No. 23982.**

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1970.

Rehearing Denied Oct. 13, 1970.

John Wesley Riley, in pro per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, and Sanford Svetcov, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, JERTBERG and TRASK, Circuit Judges.

PER CURIAM:

Appellant, a California state prisoner, appeals from an order of the district court denying his petition for writ of habeas corpus.

Appellant was charged by information filed by the District Attorney of Los Angeles County, on September 15, 1961, in the Superior Court of that county, with the crime of murder in violation of Section 187 of the Penal Code of the State of California. He was represented by retained counsel at his preliminary examination, on his arraignment at which he entered a plea of not guilty, and throughout his trial in the Superior Court. Prior to trial appellant entered an additional plea of not guilty by reason of insanity.

Appellant was permitted to prosecute this appeal in forma pauperis, and this Court appointed counsel to represent him on the appeal. Thereafter, appellant moved this Court to dismiss his appointed counsel and to prosecute the appeal in propria persona. Such motion was granted.

Appellant's jury trial commenced on January 29, 1962. During the presentation of the State's case in chief, appellant and counsel waived trial by jury on all issues, and the trial thereafter was to the court sitting without a jury. Following the trial appellant was adjudged guilty as charged, and the degree of the offense was fixed as murder in the first degree. The issues of not guilty by reason of insanity, and the fixing of penalty, were submitted to the court on the basis of the doctors' reports and all evidence adduced at trial. The court found that at the time of the commission of the offense appellant was sane. The court fixed the penalty at life imprisonment.

No appeal was taken from the judgment of conviction.

Prior to the filing of the petition for writ of habeas corpus in the Federal court, appellant filed petitions for writs of habeas corpus in the Supreme Court of the United States, Supreme Court of California, and in the Court of Appeals for the State of California, First Appellate District, all of which petitions were denied.

On the filing of the petition for writ of habeas corpus in the United States District Court for the Northern District of California, the court issued an order to show cause directed to appellee. Appellee filed his return and lodged with the court typewritten transcripts of the preliminary examination and of the trial of the appellant.

Following examination of the record, including a review of the transcripts of the preliminary examination and of the trial, the district court rejected all of the claims for relief set forth in appellant's petition.

Several of appellant's contentions on this appeal arise from confessions made by him shortly after the slaying of his wife. The record is clear that approximately 10:30 a. m., on August 5, 1961, appellant walked into a Los Angeles police station and informed one of the officers on duty that he had just shot his wife, and that the gun was in the car outside. The weapon was found by the officer on the front seat of the car. Appellant was placed under arrest. He stated that he and his wife were separated and having trouble because she was running around with another man; that he went to the house where she was living that morning to discuss reconciliation; that he heard two shots and thought his wife was firing at him; that he took his gun out of his pocket and shot at her three times; that he then got in his car and drove to the station to give himself up. Shortly afterwards he made a similar statement to another officer, which was reduced to writing and signed by appellant. The confessions were received in evidence during the trial.

From the foregoing he asserts that he was illegally arrested without a war-

rant; that he was detained for an unreasonable period of time before being taken before a magistrate; that his confessions were the product of such unreasonable detention; that the confessions were improperly received at the trial because he had not been warned of his right to remain silent and the right to counsel; that the confessions were not voluntarily made but were the product of threats to do him bodily harm; and that he was denied the effective assistance of counsel because of counsel's failure to object to the admission of the confessions into evidence.

The district court held that the arrest of appellant was legal since the officer had probable cause to arrest him without a warrant, and that since the transcript of the trial disclosed that the confessions were made shortly after appellant's arrest, they were not obtained during a period of unnecessary delay in arraignment. Appellant's conviction occurred in February of 1962, and long prior to the decision of the Supreme Court of the United States in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant's confessions were not inadmissible because he was not warned of his right to counsel and his right to remain silent. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ We agree with the district court that appellant's petition does not allege facts to support his claim that his confessions were obtained only after police had threatened him with great bodily harm; that the circumstances shown by the record disclose that his confessions were voluntarily made, and that there was little that his counsel could have done to keep the confessions out of evidence.

■ Appellant contends that he was denied representation by counsel at his arraignment in Los Angeles Municipal Court, Division 40, on August 16, 1961, and that he was denied effective assist-

ance of counsel at his preliminary examination in Division 34 of that court, because the court denied his motion for a continuance so that counsel could prepare for his defense of the case. The district court disposed of such contentions by stating:

"Petitioner does not allege how he was prejudiced by not being represented by counsel in Division 40. Furthermore, the reporter's transcript of the preliminary hearing, lodged herein by respondent, indicates that although petitioner was not represented by counsel when he appeared in Division 40 of Los Angeles Municipal Court in the morning of August 16, 1961, when he appeared in Division 34 of that court in the afternoon of August 16, 1961, for preliminary hearing, he was represented by private counsel, * * *. The reporter's transcript of the preliminary hearing also shows that on the motion of petitioner's counsel the court agreed to hear three witnesses and then continue the preliminary hearing so that counsel could prepare for the defense of the case."

Appellant claims that he was denied confrontation and cross-examination of the examining psychiatrists whose reports were introduced in evidence at his trial. As stated by the district court:

"The clerk's minutes of the proceedings held in petitioner's case on February 20, 1962, lodged herein by respondent, indicate that petitioner stipulated to submitting the issue raised by his plea of 'not guilty by reason of insanity' on the reports of the psychiatrists. Therefore, petitioner waived his right to confront and cross-examine the psychiatrists."

Appellant's next contention is that the prosecution knowingly used false testimony at his trial. In support thereof, petitioner refers to various inconsistencies in the testimony of prosecution witnesses. Such inconsistencies do not of themselves indicate that the witnesses committed perjury. Furthermore, there is no allegation that the

Government had any knowledge that any witness committed perjury, nor does appellant allege how any claimed perjury prejudiced him.

Finally, appellant contends that he was not indicted by a grand jury, and there was no coroner's inquest in his case. Such claims are without merit and raise no federal question.

The order of the district court is affirmed.