Jess CANCINO, Petitioner,

v.

Walter E. CRAVEN, Respondent.

Civ. No. 69–881–AAH.

United States District Court,
C. D. California.

May 22, 1973.

---

10. The aerial photographs were taken on May 7, 1938 and July 20, 1954.

Roger S. Hanson, Woodland Hills, Cal., for petitioner.

Alan Novodor, Anthony D. Blankley, Deputy Attys. Gen., State of Cal., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above entitled matter having come on for evidentiary hearing on May 7, 1973, ordered by the Ninth Circuit, 467 F.2d 1243, the Court makes the following:

### FINDINGS OF FACT

1. Petitioner in the above entitled case was aware of the relevant circumstances and likely consequences of his plea of guilty when he pleaded guilty to the lesser charge of possession of heroin.

2. Petitioner's counsel discussed the consequences of petitioner's plea and admission of the prior felony conviction with him and the differences in sentences between possession of heroin and possession for sale of heroin since there was a strong likelihood that if petitioner went to trial, he would have been found guilty of possession for sale because petitioner was found with 21 condoms full of heroin in his possession.

3. Petitioner was aware of the relevant circumstances and likely consequences of his admission of the prior felony, i. e., that it would increase his sentence when he entered his plea.

4. Petitioner was aware that by law the deputy district attorney had to allege a valid prior conviction and the prior could not be dropped.

5. Petitioner's counsel never told petitioner that the valid prior conviction would be dropped at time of sentencing.

6. Petitioner's attorney did everything humanly expected of him in making petitioner aware of the relevant circumstances and consequences of his plea.

7. Petitioner's counsel explained to petitioner on a number of occasions the length of sentence petitioner would receive if he pleaded guilty and admitted the prior.

8. Petitioner's plea was not in the slightest way attributable to the averred incompetence of any of his attorneys in handling the averred search and seizure and averred coerced confession issues.

9. All possible arguments that could have been made were made by petitioner's trial counsel on these issues.

10. Petitioner's trial counsel made the necessary investigation and was fully aware of the averred illegal search and seizure and averred coerced confession and discussed these issues with petitioner on a number of occasions prior to petitioner's plea of guilty.

11. All possible motions that could have been made were made on behalf of petitioner by his attorneys.

12. Petitioner's counsel objected at every opportunity on the averred illegal search and seizure issue and coerced confession issue when it was appropriate in the trial court.

13. Considering the evidence that was introduced at the five and one-half hour evidentiary hearing, there was no illegal search and no coerced confession.

14. Petitioner's counsel did not promise petitioner he would be given leniency if he pleaded guilty to straight possession of heroin and admitted the prior conviction.

15. The prosecutor never promised leniency to petitioner if he pleaded guilty and admitted the prior.

16. The trial judge never promised leniency to petitioner if he would plead guilty and admit the prior nor did the trial judge tell the prosecutor or petitioner's trial counsel he would offer leniency to petitioner in exchange for a plea of guilty and an admission on the prior.

17. Moreover, the prosecutor did not attempt to induce the plea by any such promises of leniency and in fact never spoke to petitioner except in open court on the record.

### CONCLUSIONS OF LAW

1. If a plea of guilty is made voluntarily and with an understanding of its nature and consequences, it conclusively establishes every necessary ele-

ment of the offense charged. The subsequent conviction is based entirely on the plea independent of and without reference to any evidence, including prior confessions, either coerced or voluntary. Knowles v. Gladden, 378 F.2d 761, 766 (9th Cir. 1967).

2. The record manifests that petitioner pleaded guilty after consultation with and upon the advice of competent counsel, and when the evidence of guilt is overwhelming irrespective of the averred coerced confession and illegal search and seizure, this provides substantial support for finding that the plea was voluntary. Knowles v. Gladden, *supra*, 378 F.2d 761, 767 (9th Cir. 1967); Martini v. Sheriff, Los Angeles County, 325 F.Supp. 649, 650 (C.D.Cal. 1971); Bonner v. Schneckloth, 309 F. Supp. 442, 449 (C.D.Cal.1970).

3. Moreover, the fact that the plea was in the nature of a plea agreement to accept a plea to the lesser charge manifests further the voluntariness of the plea. Alaway v. United States, 329 F.Supp. 78, 81 (C.D.Cal. 1971). *See also* Lawrence v. Russell, 430 F.2d 718, 720 (6th Cir. 1970).

4. When petitioner was advised by competent counsel of the increase in sentence before admitting a prior conviction, it cannot be said that the defendant did not understand the consequences of admitting the prior conviction. Thus, consultation with petitioner by competent counsel before admitting the prior at the very least establishes petitioner understood the consequences of his admission of the prior conviction. *See* Womack v. Craven, 431 F.2d 1191, 1192 (9th Cir. 1970); Knowles v. Gladden, *supra*, 378 F.2d 761, 767 (9th Cir. 1967).

5. Petitioner in a habeas corpus proceeding must show that counsel at the trial was so incompetent or ineffective as to make the trial a farce or a mockery of justice. Wright v. Craven, 412 F.2d 915, 917 (9th Cir. 1969); Dalrymple v. Wilson, 366 F.2d 183, 185 (9th Cir. 1966).

6. Petitioner's counsel was fully aware of the averred illegal search and seizure and investigated all the possibilities in which the evidence may have been suppressed, and in fact did make all the necessary objections to its introduction at all the possible opportunities and discussed with the defendant the possibility of suppressing the evidence, it can only be said that defendant's counsel in handling such an issue manifested competence of the highest level. Thus it cannot be concluded that petitioner's trial counsel in handling this issue made the proceedings a farce and a mockery of justice shocking to the conscience of the court. Vizcarra-Delgadillo v. United States, 395 F.2d 70, 71 (9th Cir.), cert. dismissed, 393 U.S. 957, 89 S.Ct. 387, 21 L.Ed.2d 371 (1968).

7. When the record revealed petitioner's trial counsel as an experienced and conscientious trial lawyer possessed of facts secured directly from his client and from his own extensive investigation at every opportunity humanly possible objected to the averred coerced confession and an illegal search and seizure, it cannot be held that counsel manifested incompetency which reduced the proceedings to a mockery of justice. Riley v. Wilson, 430 F.2d 1134, 1136 (9th Cir. 1970), cert. denied, 401 U.S. 922, 91 S.Ct. 911, 27 L.Ed.2d 825 (1970); Hall v. Hocker, 422 F.2d 1320, 1320–1321 (9th Cir. 1970).

8. When the record reflects that petitioner's trial counsel fully discussed petitioner's defenses with petitioner on many occasions, petitioner was not denied effective assistance of counsel. Bonner v. Schneckloth, *supra*, 309 F.Supp. 442, 444 (C.D.Cal.1970).

9. When a petitioner's real complaint is not inadequate representation but dissatisfaction with his sentence which he, not unnaturally, thinks was too harsh; it is no ground for granting a writ of habeas corpus. Walters v. Harden, 310 F.Supp. 1269, 1274 (D.S.C. 1970).

10. Petitioner cannot claim "coercion" undercutting a guilty plea merely because he has alleged that his attorney told him that the prosecutor would ask for leniency in exchange for the plea. United States v. Simpson, 141 U.S.App.D.C. 8, 436 F.2d 162, 164 (1970).

11. When the record reveals that the prosecutor never spoke to petitioner except in open court on the record, and that petitioner was never promised leniency to induce his plea and this was essentially confirmed by petitioner himself, there is no basis for overturning his guilty plea. United States v. People of State of New York, 323 F.2d 449, 451 (2d Cir. 1963).

12. Where the evidence establishes that the prosecutor never made a promise of leniency to petitioner's counsel to induce a plea of guilty and where petitioner's counsel never told petitioner that the prosecutor would ask for leniency if he pleaded guilty, there is no basis to overturn a guilty plea on the basis of it being induced by a promise of leniency.