**Fred Maron THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20404.**

United States Court of Appeals Ninth Circuit.

July 19, 1966.

all the details when I've told you I'm guilty."

850

Lawrence D'Antonio, of Johnson, Darrow, D'Antonio, Hayes & Morales, Tucson, Ariz., for appellant.

William P. Copple, U. S. Atty., Lawrence Turoff, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLIN, KOELSCH and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant Fred Maron Thomas was indicted for transporting a woman named Eva across state lines for the purpose of prostitution in violation of 18 U.S.C. § 2421. He was convicted, after a trial by jury, and sentenced to imprisonment. Appeal to this court is taken pursuant to 28 U.S.C. § 1291.

At trial, witnesses for the government, which included Eva and another woman named Beverly, testified among other things to the following. Appellant had known Eva as a prostitute working in Wyoming. Some time in August, 1963, appellant and Beverly's husband Jimmy took Eva from Wyoming to Wisconsin to work as a prostitute. Upon their return to Wyoming, the four participants agreed that they would go to Arizona where Eva and Beverly would work as prostitutes. Appellant, Eva, Beverly and Jimmy traveled in the same automobile from Wyoming to Arizona early in September, 1963. On arrival, appellant and Beverly in writing leased a house in Scottsdale, Arizona. It was a "call place for us girls to bring our trade." Beverly, her husband Jimmy, Eva and the appellant moved into the house. In that house Eva and Beverly worked as prostitutes, and Eva "would give her money to her man." After a few months at that loca-

tion Eva was then brought to another location by appellant and she worked there as a prostitute.

Appellant did not take the witness stand and no witnesses were presented in his behalf.

Appellant's contention that his trial attorney was incompetent is without merit (appellant is now represented by a different attorney). We have often stated that we will not set aside a conviction on this ground unless trial counsel is "so incompetent or inefficient as to make the trial a farce or a mockery of justice." Peek v. United States, 321 F.2d 934 (9th Cir. 1963). E. g., Reid v. United States, 334 F.2d 915 (9th Cir. 1964); Bouchard v. United States, 344 F.2d 872 (9th Cir. 1965). Trial counsel cross-examined government witnesses and moved for an acquittal at the close of the government's case. The fact that testimony prejudicial to the defense was elicited on cross-examination does not demonstrate incompetency. Nor did the absence of witnesses for the defense evidence incompetence. Appellant does not contend that there were witnesses available to testify in his behalf. On this record we can infer only that there were no available witnesses who would aid the defense.

Appellant next contends that plain error was committed in the admission into evidence of certain testimony which appellant now claims for the first time to have been irrelevant and prejudicial to the defense. It would serve no useful purpose for us to discuss each item of evidence which appellant claims to have been erroneously admitted. We have examined the record in light of appellant's claims and find that the evidence in question was properly admitted. Most of the testimony to which objection is now made was relevant. Other testimony which may not have been relevant referred to matters of minor importance and their admission into evidence was not plain error.

Appellant also argues that the sentencing judge, Judge C. A. Muecke, who was not the trial judge, should have disqualified himself because he was the United States Attorney at the time the indictment against appellant was filed, and he signed that indictment. This argument is based on 28 U.S.C. § 455 which provides for a judge's disqualification in a case, *inter alia,* in which he has been "of counsel." During the sentencing proceedings Judge Muecke, appellant, appellant's attorney at that time, and government counsel all acknowledged that they were aware of Judge Muecke's earlier connection with the case. Appellant himself and his attorney both consented in open court to have Judge Muecke preside as sentencing judge. Therefore, appellant has waived any later objections to Judge Muecke's qualifications. Harris v. United States, 338 F.2d 75, 79 (9th Cir. 1964); Adams v. United States, 302 F.2d 307 (5th Cir. 1962); Neil v. United States, 205 F.2d 121 (9th Cir. 1953).

Appellant's final argument is that his motion for acquittal made at the close of the government's case should have been granted because appellant "neither intended to transport her [Eva] for purposes of prostitution, nor knowingly aided any other persons to transport her for that purpose." The trial court's denial of this motion was proper because there is ample evidence, including the testimony of Beverly that appellant agreed in Wyoming that Eva would work as a prostitute when they arrived in Arizona, which would enable a jury to find beyond a reasonable doubt that appellant at the time of the transportation intended Eva to work as a prostitute in Arizona.

The guilt of the appellant was amply established and he was justly convicted.

The judgment is affirmed.