Connie Mack **DALRYMPLE**, Appellant,

v.

Lawrence E. **WILSON**, Warden, San Quentin Prison, Appellee.

No. 20652.

United States Court of Appeals
Ninth Circuit.

Sept. 15, 1966.

Rehearing Denied Oct. 24, 1966.

---

Connie Mack Dalrymple, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robt. R. Granucci, Deputy Atty. Gen., Jennifer L. Bain, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and FOLEY, District Judge.

PER CURIAM:

Appellant, a prisoner of the State of California, incarcerated in the State Prison at San Quentin, California, filed his petition for writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division. Such court had jurisdiction to entertain a petition for writ of habeas corpus by a State prisoner under 28 U.S.C. § 2241(a).

Appellant was convicted of second degree murder in violation of California Penal Code Section 187, by the Superior Court of the State of California, in and for the County of Los Angeles, following trial to the Court sitting without a jury, a jury having been properly waived, and was sentenced on September 29, 1961, to State Prison for the term prescribed by law. Appellant was represented by the Los Angeles Public Defender's Office throughout the trial proceedings, including preliminary examination. He filed no appeal from the judgment of conviction.

Appellant filed no proceedings in any courts of the State of California for transcript of proceedings of his trial, but on May 7, 1965, filed a petition for writ of habeas corpus in the Supreme Court of California, alleging substantially the same facts which are presented in the petition filed with the District Court. The Supreme Court of California denied appellant's petition without a hearing.

Appellant alleges in his petition two grounds for his release from custody. First, that incriminating statements were elicited from him by law enforcement officers before he was advised of his right to remain silent and his right to counsel, and that such statements were entered into evidence against him at his trial. Appellant makes no claim that the incriminating statements made by him were other than voluntary, and

contends that his situation is within the rule announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and that such rule should be applied retroactively. It is to be noted that on June 20, 1966, in Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the Supreme Court decided that the rule in *Escobedo* concerning the right to counsel upon request therefor is to operate retroactively only as to those cases in which the trial began after June 22, 1964, the date of that decision. On June 13, 1966, in Miranda v. State of Arizona, and three companion cases, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court prescribed requirements that a prisoner be informed of his right to counsel and his right to remain silent. It is held, however, that the requirements were not applicable, retroactively, prior to the date of the *Miranda* decision. Johnson v. State of New Jersey, supra. Appellant's conviction became final almost three years prior to the decision in *Escobedo*, and nearly five years before the guidelines of *Miranda* were established.

The second ground urged by appellant is that he was denied his constitutional right to the effective assistance of counsel. He alleges, generally, that his counsel did not adequately prepare for trial, did not adequately consult with him, failed to call certain witnesses, failed to object to certain statements made by the prosecutor, and imparted confidential information received from appellant to the prosecutor. The allegations are mostly conclusionary. We find nothing in the record to indicate that appellant had a defense to the charges which counsel failed to present, or that appellant was deprived of a fair trial because of the ineffective assistance of counsel. A conviction may not be set aside on the ground of the ineffective assistance of counsel unless trial counsel is "so incompetent or inefficient as to make the trial a farce or a mockery of justice." Peek v. United States, 321 F.2d 934, 5 A.L.R.3d 802 (9th Cir. 1963).

E. g., Reid v. United States, 334 F.2d 915 (9th Cir. 1964); Bouchard v. United States, 344 F.2d 872 (9th Cir. 1965); Thomas v. United States, decided July 19, 1966, 363 F.2d 849 (9th Cir. 1966).

The District Court might have permitted amendment and determined upon the basis of more specific allegations, if chosen to be made, the question of whether or not an evidentiary hearing was required on the issue of adequate representation. Since this was not done, and since appellant's allegations were so general as to be inadequate, we must affirm. See Brubaker v. Dixon, 310 F.2d 30 (9th Cir. 1962); Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964); Hale v. Wilson, decided August 10, 1966, 364 F.2d 906 (9th Cir. 1966).

The order appealed from is affirmed.