**Edward G. SANCHEZ, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22584.**

United States Court of Appeals
Ninth Circuit.

July 22, 1968.

Sonja Sandeman (appeared), San Francisco, Cal., for appellant.

William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Craig B. Jorgensen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and CROCKER*, District Judge

CROCKER, District Judge:

Edward G. Sanchez appeals from his conviction for violation of Title 21, Section 174 of the United States Code (sale and concealment of narcotics).

---

* The Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

This court has jurisdiction under Title 28, Sections 1291 and 1294 of the United States Code.

■ Appellant first alleges that there was insufficient evidence to support a finding that appellant knew the narcotics were unlawfully imported. Under the provisions of Title 21, Section 174 of the United States Code, once possession is established it is presumed that the possessor had knowledge of the illegal importation. The burden then shifts to the accused to demonstrate that his possession came from a legtimate source.

In a prior ruling of this court we upheld this statutory presumption on two grounds: (1) the rational relationship between possession and knowledge of the fact of illegal importation, and (2) the relative convenience of the possessor to show a legitimate source. Hernandez v. United States (CCA 9th, 1962), 300 F.2d 114, 118. We find no reason to alter our position here.

■ The second contention on appeal is that the presumption set forth in Title 21, Section 174 of the United States Code is an abridgement of appellant's right to due process of law under the Fifth Amendment. This court has consistently held that this statutory presumption does not amount to a deprivation of constitutional rights. Morgan v. United States (CCA 9th, 1968), 391 F.2d 237.

■ The third and final argument of appellant is that he was denied the effective assistance of counsel. This court has held that a conviction will not be overturned on such a claim, unless defense counsel is so incompetent that the trial amounts to a mockery of the judicial system. Dalrymple v. Wilson (CCA 9th, 1966), 366 F.2d 183, 185. The assertion that defense counsel failed to elicit testimony of an exculpatory nature while the appellant was on the stand does not render the trial a farce. There must be some showing that such evidence was available at the trial.

For these reasons we affirm the judgment of the district court.