**Herbert STEVENS, Petitioner,**

v.

**Louis S. NELSON, Warden, California State Prison at San Quentin, California, Respondent.**

**No. 47659.**

United States District Court
N. D. California.

Oct. 8, 1968.

Herbert Stevens, in pro. per.

Thomas C. Lynch, Atty. Gen. for State of California, San Francisco, Cal., for respondent.

SWEIGERT, District Judge.

ORDER

This is a petition for a writ of habeas corpus filed herein under the provisions of 28 U.S.C. § 2241 by Herbert Stevens,

a prisoner at the California State Prison at San Quentin, now in the custody of the Warden thereof under the commitment of the California Superior Court for the County of San Francisco, made on November 16, 1959, sentencing petitioner to the term prescribed by law for the crime of arson (Cal.Penal Code, § 447a).

The case is before the court on the petition, respondent's return, petitioner's traverse, and petitioner's motion for the appointment of counsel.

The petition satisfactorily alleges that petitioner has exhausted all available state remedies within the meaning of 28 U.S.C. § 2254(b), in that petitioner has previously presented the claims he now presents in petitions for writs of habeas corpus in the California Superior Court for the County of Marin, and in the California Supreme Court.

Petitioner essentially contends that he was denied the effective assistance of counsel at his trial, and that the state courts denied him due process in disposing of his habeas corpus petitions.

In support of his first contention petitioner alleges, in substance, that his counsel neglected to prepare for trial; that counsel failed to investigate the facts of the case; that counsel refused to subpoena certain witnesses at his request; that counsel failed to object to the introduction of his prior felony conviction into evidence; and that counsel did not offer evidence to show he was drunk at the time of the crime and, therefore incapable of forming the specific intent required for the crime of arson. In support of his second contention petitioner alleges that the state courts denied him an evidentiary hearing upon the issues raised in his petitions for writs of habeas corpus.

With respect to his first contention, petitioner's allegations that counsel failed to prepare for trial, neglected to investigate the facts of the case, and refused to subpoena certain witnesses at his request, are mostly conclusionary.

See: Dalrymple v. Wilson, 366 F.2d 183 (9th Cir. 1966).

Furthermore, although petitioner alleges that counsel failed to object to the introduction of his prior felony conviction into evidence, the reporter's transcript of petitioner's trial, lodged herein by respondent, indicates that said conviction was introduced into evidence on cross-examination of petitioner to impeach his testimony. (R.T. p. 99, Lines 10–24). Under California law this is a permissable practice. People v. Smith, 63 Cal.2d 779, 48 Cal.Rptr. 382, 409 P. 2d 222 (1966). Therefore, petitioner's counsel properly did not object to the introduction into evidence of the prior felony conviction.

Finally, petitioner's allegation that counsel failed to offer evidence to show he did not have the necessary criminal intent to commit arson is without merit. The reporter's transcript of the trial indicates that petitioner's testimony consisted of denials and of a claim that he was elsewhere when the fire was set. (R.T. pp. 82–99). Such a defense is inconsistent with the defense of lack of criminal intent.

A conviction may not be set aside on the ground of the ineffective assistance of counsel unless trial counsel is "so incompetent or inefficient as to make the trial a farce or a mockery of justice". Peek v. United States, 9 Cir., 321 F.2d 934, 944; Dalrymple v. Wilson, supra.

The record of petitioner's trial shows that he was adequately represented by counsel. Certainly, it forecloses any inference that his counsel was "so incompetent or inefficient as to make the trial a farce".

Petitioner's second contention, that the state courts deprived him of due process by not giving him an evidentiary hearing on the issues raised in his petitions for writs of habeas corpus, is likewise without merit. The granting of an evidentiary hearing in a state court habeas corpus proceeding is governed by

state law, and the refusal of a state court to grant such a hearing is not a denial of Fourteenth Amendment due process.

For the above reasons, it is the order of this court that:

(a) the petition for a writ of habeas corpus be, and the same is, hereby denied;

(b) the motion for the appointment of counsel be, and the same is, hereby denied;

(c) the order to show cause previously issued herein be, and the same is, hereby discharged; and that

(d) these proceedings be, and the same are, hereby dismissed.