UNITED STATES of America,
Plaintiff-Appellee,

v.

Erlinda GRAJEDA, Defendant-Appellant.

No. 76–2691.

United States Court of Appeals,
Ninth Circuit.

March 2, 1978.

Danilo J. Becerra, Los Angeles, Cal., for defendant-appellant.

Dexter W. Lehtinen, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: BROWNING and CHOY, Circuit Judges, and THOMPSON,* District Judge.

CHOY, Circuit Judge:

Erlinda Grajeda appeals from a judgment of conviction, after a trial to the court, on four counts of possession of stolen mail in violation of 18 U.S.C. § 1708. Imposition of sentence was suspended and Grajeda was put on probation for five years. We affirm.

The sole issue before us is whether the district court erred in denying appellant's motion to suppress certain evidence.

About 3:17 A.M., January 12, 1976, California Police Officer Steve Arnds, while on routine motor patrol in Santa Ana, stopped Grajeda who was driving an old and worn car, the right rear tire of which had no tread remaining, a violation of California Vehicle Code § 27465(b). She appeared nervous and first said she was Vella Cardiel, offering a temporary California driver's license in that name. She was unable to produce the registration slip of the car, but said it was not hers.

On Arnds' asking for other identification, she turned her back on the officer and rummaged through her purse which was on the seat beside her. Arnds felt that her actions in so doing were furtive—as though she was trying to keep him from seeing what her purse contained. She produced no other identification. Then, suspecting that she had given him false identification, Arnds asked appellant for permission to look into her purse. She refused. He told her it was a crime to give false information to a police officer, whereupon she said her true name was Erlinda Grajeda. When she was unable to show anything to identify

herself as Grajeda, Arnds arrested her for giving false information to an officer [California Vehicle Code (C.V.C.) § 31] and for having no identification [C.V.C. § 40302(a)].

The officer then searched the car and found on the floorboard a paper sack containing identification cards of other persons, and seven photographs of Grajeda and materials for making identification cards. He also searched her purse and found five more California temporary driver's licenses in various names, three identification cards of others, an Orange County Auditor's warrant payable to another person, and an "Authorization to Purchase Food Stamps."

■ United States Postal Inspector Boyd Manes determined with the evidence acquired by Arnds that appellant had stolen many welfare checks (including the four for which she was convicted) and auditor's warrants, and that her fingerprints and handwriting appeared on several of these warrants.

Appellant contends that the arrest for violation of the California Vehicle Code and the subsequent searches of the vehicle she was driving and her purse were unlawful under California law and that the evidence obtained from these searches should be suppressed. She directs us to cases in this circuit decided prior to the adoption of the Federal Rules of Evidence, which cases require a federal court to judge the legality of a search by both state and federal standards. *United States v. Solomon*, 528 F.2d 88, 90 (9th Cir. 1975); *United States v. Lovenguth*, 514 F.2d 96, 98 (9th Cir. 1975); *United States v. Walling*, 486 F.2d 229, 235 (9th Cir. 1973), cert. denied, 415 U.S. 923, 94 S.Ct. 1427, 39 L.Ed.2d 479 (1974); *United States v. Fisch*, 474 F.2d 1071, 1075 (9th Cir.), cert. denied, 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973); *Wartson v. United States*, 400 F.2d 25, 27 (9th Cir. 1968), cert. denied, 396 U.S. 892, 90 S.Ct. 184, 24 L.Ed.2d 166 (1969). These cases hold that if either standard is violated, the

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

evidence is suppressed. This evidentiary rule, however, is no longer the law of this circuit.

This conclusion is mandated by the adoption of the Federal Rules of Evidence, which govern the admission of evidence in trials taking place after July 1, 1975. These Rules supersede the rules of evidence based on common-law principles. *See United States v. Dixon*, 547 F.2d 1079, 1082 (9th Cir. 1976). The legislative history surrounding the adoption of the Rules makes this clear. The Senate Report accompanying the bill acknowledged the need for

> a comprehensive code of evidence intended to govern the admissibility of proof in all trials before the Federal courts because of the lack of uniformity and clarity in the present law of evidence on the Federal level.

[1974] U.S. Code Cong. & Ad. News 7054. In addition, Congress wished to control changes to the Rules. It restricted the Judicial Conference's ability to make amendments by extending the period of review for proposed changes, by requiring that any changes to the rule of privilege be approved by Congress, and by providing that either House could defer the effective date of an amended rule or amend a proposed or current rule. [1974] U.S. Code Cong. & Ad. News 7107.

1. We are aware that *United States v. Hall*, 543 F.2d 1229 (9th Cir. 1976), which was decided by this court after the adoption of the Federal Rules, relied on the common-law rules of evidence. That decision, however, applied the common-law rules only because the trial below took place before the adoption of the Federal Rules. Since Grajeda was tried long after these rules were adopted, *Hall* has no bearing on the present appeal.

2. It should be noted that the result in this case would have been the same if we were free to apply the former common-law rule and also judge the legality of the arrest by state standards. The district court found that the search did not violate California law. We would not have found its decision to be erroneous. Appellant contends that the state police officer could not arrest her for failing to provide proper identification, an infraction of the California Vehicle Code, and then proceed to search the vehicle she was driving and her purse. *People v. Superior Court*, 7 Cal.3d 186, 101 Cal.Rptr.

■ We conclude that the courts are not free to establish rules of evidence independent of the Federal Rules.[1] We therefore are unable to follow the previous common-law rule in this circuit that the propriety of a stop or arrest by a state officer is subject to both state and federal standards.

■ Looking then to the Federal Rules, Fed.R.Evid. 402 makes the relevant evidence obtained during the search of Grajeda's car and purse admissible "except as otherwise provided by the Constitution of the United States, by Act of Congress, by the [Federal Rules], or by other rules prescribed by the Supreme Court pursuant to statutory authority." To be suppressed, evidence seized in violation of state law would have to fall within one of the listed exceptions. The only objection that Grajeda raises which would qualify as an exception to rule 402 is one based on the federal constitution. We are persuaded, however, that the officer had probable cause to search the vehicle after the stop was made and that evidence obtained during the search cannot be suppressed on constitutional grounds. *See, e. g., United States v. Thompson*, 558 F.2d 522, 524 (9th Cir. 1977).

Since the evidence here is clearly relevant and does not fall within one of the exceptions of rule 402, the evidence is admissible[2]

837, 496 P.2d 1205 (1972), and *People v. Superior Court*, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449 (1970), are cited as supporting this proposition. Close reading of these cases would lead us to believe they are distinguishable from the present case. Both involved violations of the California Vehicle Code for which there would be no reason for the officer to search for or to seize evidence of the offense. The defendant in *People v. Superior Court*, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449, was arrested for speeding; the defendant in *People v. Superior Court*, 7 Cal.3d 186, 101 Cal.Rptr. 837, 496 P.2d 1205, was arrested for driving in darkness without headlights or taillights. These were equipment or moving violations for which no evidence other than the officer's observation is taken. Appellant, in contrast, was arrested for giving false information to a police officer after she produced a temporary driver's license which she later admitted did not belong to her, displayed nervous behavior, and failed to produce any other identification or the registration of the car. Under these circumstances,

and the judgment of the district court is AFFIRMED.

the officer had probable cause to arrest her and to conduct a search incidental to this lawful arrest for evidence which would aid in conviction of the misdemeanor. Had rule 402 not obviated our inquiry, we would have found, therefore, that the search did not violate California law.