**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**DeValle Oakie WALKER,
Defendant-Appellant.**

**No. 76–3555.**

United States Court of Appeals,
Ninth Circuit.

June 9, 1978.

Susan Guberman, Marina Del Rey, Cal. (argued), of Nasatir, Sherman & Hirsh, Beverly Hills, Cal., for defendant-appellant.

Mark E. Beck, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHOY and WALLACE, Circuit Judges, and TURRENTINE,* District Judge.

PER CURIAM:

Walker was convicted for possessing fifty-five twenty-dollar counterfeit Federal Reserve notes in violation of 18 U.S.C. § 472. He raises the following arguments on appeal: (1) the trial court erred in refusing to suppress evidence seized from one Thelma Nelson; (2) the trial court erred in admitting evidence obtained from appellant's residence without a search warrant; (3) the trial court erred in admitting evidence of certain inculpatory statements; and (4) he was denied effective assistance of counsel.

On February 4, 1971, narcotics enforcement agents went to appellant's residence to arrest him for selling cocaine to a state agent under controlled circumstances. As the agents entered the apartment complex they saw appellant and Thelma Nelson leaving. Nelson was observed carrying a large purse and a brown paper bag. The agents approached the couple and ordered them to "hold it." Appellant stopped immediately, but Nelson continued toward a grape stake fence. At a second command to "hold it," Nelson stopped, but only after attempting to hide the paper bag behind the fence. As she reached into the cloth purse, one of the agents took it to feel for weapons. Detecting several large, hard objects in the purse, he opened it to investigate further for weapons. The agent observed inside the purse a tin foil bindle and several transparent vials containing red capsules that appeared to be amphetamines. No weapons were found in the purse. Nelson was then placed under arrest, and the officers examined the paper sack placed by her near the fence. It contained a large quantity of counterfeit twenty-dollar Federal Reserve notes, a substance that appeared to be cocaine, and Walker's wallet.

The agents proceeded to Walker's apartment to look for additional suspects. They were admitted to the apartment by a woman who answered the knock. Walker was brought back to the apartment and consented to a search of it. He was given the *Miranda* warnings, which he said he understood. Thereafter he stated that the counterfeit bills were his.

■ Appellant's first contention is that the agents did not have a founded suspicion to justify the detention or pat-down of Nelson, and therefore lacked probable cause to arrest her and obtain the contents of the paper sack. For that reason, he maintains, the evidence should have been suppressed. He relies on both California and federal law. *United States v. Grajeda*, 570 F.2d 872, 873–74 (9th Cir. 1978), holds that the propriety of a stop or arrest by a state officer is subject only to federal standards since the adoption of the Federal Rules of Evidence in 1975. Appellant's trial, however, took place in 1971, well before the Federal Rules became the exclusive evidentiary rules in federal court. Therefore, both federal and state standards must be examined in this appeal. *See Grajeda*, 570 F.2d at 874 n. 1.

■ Under California law, a stop is justified if the officer had a good faith suspicion or a rational belief of criminality.

* The Honorable Howard B. Turrentine, United States District Judge for the Southern District of California, sitting by designation.

*People v. Flores*, 12 Cal.3d 85, 91, 115 Cal. Rptr. 225, 524 P.2d 353 (1974). The federal constitutional standard expressed in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), provides for an investigatory stop of any person by a peace officer if the action is reasonably prudent under the circumstances. The facts in this case indicate that the stop was made pursuant to the agents' good faith and rational suspicion of criminal activity, and that it was reasonable and prudent to stop and question Nelson. Further, the agents acted reasonably for their protection in searching the purse for weapons. This proper search gave rise to probable cause for Nelson's arrest.

■ Walker's second contention, that the trial court erred in admitting evidence seized in his apartment without a search warrant, is similarly groundless. The agents were admitted to the apartment by one who had apparent authority to permit entry, and the search was conducted with Walker's consent.

■ Appellant's third argument is that the court erred in permitting certain incriminating statements to be introduced into evidence following the suppression hearing. Walker testified at the hearing that he had been given the *Miranda* warnings, that he immediately invoked his right to remain silent, and that the agent did not question him after that. But the agent who administered the warnings testified that Walker, after having been warned and having acknowledged his understanding of the warnings, did not immediately ask for an attorney. Rather, the agent said, Walker talked about the counterfeit currency found in the paper sack, and admitted to the agents that the currency was his. According to the agent, only when asked the name of his supplier did Walker state that he did not wish to talk further until he had an opportunity to consult with his lawyer.

At the conclusion of the suppression hearing, the trial court found that the inculpatory statements were made after Walker had been advised of his rights and had indicated that he understood them, but before requesting counsel. Viewing the evidence in the light most favorable to the Government, as we must, we find that the holding of the trial court was not clearly erroneous.

■ Appellant's final contention, that he was denied effective assistance of counsel, is without basis in either fact or law. Defense counsel did the best he could under the circumstances; his trial tactics and the ultimate result were dictated by the facts of the case.

The judgment of the district court is AFFIRMED.