James EWING, Petitioner-Appellee,

v.

J. D. WILLIAMS, Warden, Metropolitan Correctional Center (United States of America, Real Party in Interest), Respondents-Appellants.

No. 76–2058.

United States Court of Appeals, Ninth Circuit.

May 7, 1979.

Stephen V. Petix and John J. Robinson, Asst. U. S. Attys. (on the brief), Terry J. Knoepp, U. S. Atty., John J. Robinson, Asst. U. S. Atty. (argued), San Diego, Cal., for respondents-appellants.

Gary Ellingson, San Diego, Cal., for petitioner-appellee.

Before BARNES and ELY, Circuit Judges, and KELLEHER, District Judge.*

* The Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

KELLEHER, District Judge:

The government appeals from an order of the district court granting James Ewing's petition for post-conviction relief, filed pursuant to 28 U.S.C. § 2255, and vacating Ewing's conviction for conspiracy to import marijuana on the ground that he was denied effective assistance of counsel. Two separate but closely-related issues are presented: (1) whether the record supports the district court's findings of fact and conclusions of law; and (2) whether the district court's findings of fact and conclusions of law sufficiently support the relief granted in light of our recent decision in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*), reversing *Cooper v. Fitzharris*, 551 F.2d 1162 (9th Cir. 1977).

On February 3, 1966, Ewing was tried before a jury on two indictments, one charging him with conspiracy to smuggle and smuggling cocaine, the other charging him—in two counts—with conspiracy to smuggle heroin and cocaine and conspiracy to smuggle marijuana. February 3 was originally set as the trial date for only the cocaine indictment, but upon the urging of the government and in light of the eventual representation of Ewing's counsel that he was prepared to proceed on the two-count indictment as well, the trial court consolidated the two cases and the trial on both indictments began. Prior to his announcement that he was ready on the second case, Ewing's counsel had notified the court that he had received the second indictment with its marijuana count only several days prior and could not answer "ready" to that case. However, counsel changed his mind and, with the assurance from the court that necessary continuances would be granted, elected to proceed to trial immediately on both indictments.

After the court dismissed all counts except the marijuana charge, the case went to the jury, and after deliberation, a verdict of guilty was returned on the marijuana count. Ewing unsuccessfully pursued appellate relief and then jumped bail, remaining a fugitive at law until his apprehension in January of 1975. Some five months later, he filed a motion for § 2255 relief from his conviction for smuggling marijuana, maintaining that he had been denied effective assistance of counsel in violation of his Sixth Amendment rights. The district court conducted an evidentiary hearing on the claim and after hearing testimony and considering the documents and affidavits submitted on both sides, entered an order vacating Ewing's conviction on the ground that he had been deprived of his right to effective assistance of counsel.

The court, in ruling on the § 2255 motion, found that Ewing's trial counsel had proceeded to trial on the marijuana offense totally unprepared. The Court also found that the unpreparedness resulted in several serious omissions, including (1) failure to move for dismissal of arguably duplicitous counts; (2) failure to conduct a pretrial interview of the government's key witness or to interview any potential defense witnesses; (3) failure to move to suppress an in-court identification; (4) failure to cross-examine the key prosecution witness with respect to possible bias; (5) failure to adequately oppose the government's attempts to impeach its own witness after he testified favorably to Ewing; and (6) failure to present any witnesses on behalf of Ewing.[1] The Court further found that Ewing's trial counsel made a "grossly inadequate" statement to the court at Ewing's sentencing.

We are obliged to hold, and approvingly assert, that appellate courts should respect and defer to the findings of district judges regarding trial counsel's lack of preparation and investigation. The court's finding that Ewing's counsel proceeded to trial totally unprepared is a finding of fact and cannot be upset on appeal unless "clearly erroneous." Fed.R.Civ.P. 52(a). Upon reviewing the record, we cannot say that this finding is clearly erroneous. While testimony at the § 2255 eviden-

---

1. Whether counsel prohibited Ewing from testifying on his own behalf or merely advised him against doing so was the subject of conflicting testimony at the evidentiary hearing, but it is uncontroverted that there were no defense witnesses at trial.

tiary hearing was conflicting on the issue of counsel's preparedness, the district judge, who was in a position to ascertain the demeanor and credibility of the witnesses, found the evidence supporting a finding of unpreparedness credible, and disbelieved the testimony indicating counsel was prepared for trial. Moreover, the court's finding that counsel failed to perform a number of duties that may reasonably be expected of competent counsel is amply supported by the evidence on the record. Accordingly, we accept the findings made by the district court. However, the issue here in light of *Cooper v. Fitzharris* is not whether we should disturb a district court's finding of lack of effective assistance. Rather, the issue is whether *Cooper* requires more than a finding of ineffective assistance before a conviction will be reversed and a new trial ordered, and it is to that issue we now turn.

In granting the post conviction relief, the district court failed to identify the prejudice resulting to petitioner from trial counsel's inadequacy. The court found instead that the trial counsel's lack of investigation and preparation was so complete as to render impossible a determination of actual prejudice. In the district court's words, "[t]he second determination is whether counsel's failure to adequately investigate and prepare prejudiced petitioner. In that regard, this case is somewhat difficult, because counsel's lack of investigation and preparation as to Count Two of No. 36097 was so complete as to pervade the entire proceedings." The district court stated that

> ineffective assistance of counsel may have had so pervasive an effect on the process of guilt determination that it is impossible to determine accurately the presence or absence of prejudice. . . In such instances a finding of departure from the standard of normal competence requires, without more, a new trial.

The district court cited *McQueen v. Swenson*, 498 F.2d 207, 219 (8th Cir. 1974), quot-

ing *Green v. Rundle*, 434 F.2d 1112, 1115 (3d Cir. 1970). The district court concluded that it "would be anomalous to require proof by petitioner of specific instances of prejudice in the face of the complete unpreparedness of counsel and his subsequent grossly inadequate assertion of petitioner's rights."

■ The absence of specific findings on the issue of prejudice raises a substantial question. Judicial review of a claim of ineffective assistance of counsel generally requires a two-step investigation consisting of a determination of whether counsel's performance has fallen below an established standard of competence and, if so, "where . . . the claim of ineffective assistance is founded upon specific acts and omissions of defense counsel at trial, the accused must establish that counsel's errors prejudiced the defense." *Cooper v. Fitzharris (en banc), supra*, at 1327. Here, the trial court determined that counsel's performance did fall below the established standard of competence.[2] Thus, the only issues for decision are whether the second trier of the *Cooper* analysis is applicable here, and, if so, whether the district court erred in failing to make specific findings of prejudice.

In *Cooper v. Fitzharris*, 551 F.2d 1162 (9th Cir. 1977), a panel of this Court held that "once a petitioner has carried his burden of establishing ineffectiveness of counsel, his conviction must be reversed without regard to the presence or absence of prejudice." *Id.*, at 1165. The petitioner in *Cooper*, seeking post conviction relief pursuant to 28 U.S.C. § 2254, complained of various instances of allegedly ineffective representation and inadequate trial preparation, including the most serious allegation that counsel failed to move for the exclusion of evidence obtained in a questionable search of petitioner and his residence. Upon a review of the state court record and after conducting its own evidentiary hearing, the

---

2. The standard, as articulated in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*), is that "[d]efense counsel's errors or omissions must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney—they must be errors a reasonably competent attorney acting as a diligent conscientious advocate would not have made, . . . ." *Id.* at 1330.

district court concluded that even if the challenged evidence was tainted by an illegal search and seizure, its introduction and use at trial was harmless error in light of the overwhelming evidence of guilt otherwise presented by the prosecution. The court thus rejected petitioner's claim to ineffective assistance of counsel on the ground that no prejudice had resulted from defense counsel's failure to move for suppression. Reversing and remanding, the appellate court found error in the trial court's approach, holding that a denial of effective assistance of counsel cannot constitute harmless error. Remand was ordered for the purpose of a factual determination as to whether petitioner had been denied his Sixth Amendment right of effective assistance of counsel.

 This Court, sitting *en banc*, reversed the original appellate decision in *Cooper*. *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*). We held that "[w]hen the claim of ineffective assistance of counsel rests upon specific acts and omissions of counsel at trial, . . . relief will be granted only if it appears that the defendant was prejudiced by counsel's conduct. *Id.* at 1331. In so holding, this Court distinguished cases like *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) and *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), finding that they involved cases where "no counsel is provided, or counsel is prevented from discharging his normal functions."[3] *Cooper v. Fitzharris (en banc), supra*, at 1332. The *en banc* opinion identified two reasons for applying the "harmless error" rule where specific acts

give rise to allegations of ineffective assistance of counsel. First, because the allegations of ineffective assistance are premised on specific acts or omissions, the prejudicial effect of these acts and omissions can be evaluated from the record with reasonable certainty. *Id.* These underlying errors

> could have been reviewed on direct appeal only as plain error and, therefore, only on a showing of prejudice. Moreover, they could be relied upon as in themselves justifying collateral attack, rather than as supporting an allegation of ineffective assistance of counsel, only on a showing of both actual prejudice from the error and good cause for the procedural default. If such errors may be successfully attacked where no prejudice appears simply by asserting them under the name of ineffective assistance of counsel, the requirement that prejudice be shown to challenge these errors on direct appeal or collateral attack would be empty form.

*Id.* at 1333 (footnotes omitted). We offered the cautionary comment that

> [i]f counsel is charged with multiple errors at trial, absence of prejudice is not established by demonstrating that no single error considered alone significantly impaired the defense—prejudice may result from the cumulative impact of multiple deficiencies.

*Id.* Thus, the law in this Circuit is clear that where an allegation of ineffective assistance by counsel is premised on specific acts or omissions of counsel, the allegation must be buttressed by a showing of injury or prejudice to the defendant.[4] And even

**3.** A complete denial of the assistance of counsel is so inherently prejudicial and inconsistent with the fundamental fairness that should attend criminal proceedings that the harmless error rule has no application in such cases. *See Chapman v. California*, 386 U.S. 18, 23 n.8, 87 S.Ct. 824, 828 n.8, 17 L.Ed.2d 705 (1967).

**4.** This appeared to be the law prior to the panel opinion in *Cooper v. Fitzharris*. In *United States v. Speer*, 388 F.2d 110 (9th Cir. 1968), appellant's assertion of nine instances of inadequate representation were rejected outright where there was no concomitant showing that

any of the instances would have altered the result of the trial in appellant's favor. Although the *en banc Cooper v. Fitzharris* opinion's recognition of prejudice based on the "cumulative impact" of counsel's sub-par performance may have diluted *Speer* to some extent, the reliance on a showing of prejudice remains. Similarly, in *U. S. v. Johnson*, 454 F.2d 700 (9th Cir. 1972), defense counsel's failure to call two witnesses did not result in ineffectiveness of counsel because there was no showing on the record that the witnesses, if summoned, would have offered testimony favorable to the defendant's case. *See also*,

where, as here, several specific errors are found, it is the duty of the Court to make a finding as to prejudice, although this finding may either be "cumulative" or focus on one discrete blunder in itself prejudicial.

The district court found that it would be "anomalous" to require a showing of prejudice in light of counsel's complete unpreparedness. However, as *Cooper v. Fitzharris* (*en banc*) pointed out, the mere fact that counsel's performance fell below a certain standard does not mean that it is impossible to evaluate the impact of this failure with reasonable certainty, albeit on a cumulative basis. Second, the errors identified by the court below could have been reviewed on direct appeal. *See Cooper v. Fitzharris (en banc), supra*, at 1333.

Indeed, the decision to proceed in an unprepared state may itself have been the tactical decision of a trial attorney confronted with overwhelming evidence.[5] For all these reasons, the district court's insight into the prejudicial impact of trial counsel's actions is important, and should not be supplanted by an appellate court's conclusions derived from a necessarily-limited record on appeal. In fact, appellate courts have no means of effective review absent such findings. For these reasons, the instant case is controlled by *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*).

We recognize that some circuits allow a finding of ineffective assistance of counsel without a showing of prejudice in certain limited cases. In the instant case, the district court relied on *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974). However, this Circuit's recognition that prejudice may arise where counsel's multiple deficiencies have the cumulative effect of denying a fair trial to the petitioner displaces an analysis of ineffective assistance based on the impossibility of finding prejudice, in favor of an approach that requires the district court to examine multiple defalcations more closely. The touchstone here, as in all cases where ineffective assistance of counsel is alleged, is a fair trial. Where no single error or omission of counsel, standing alone, significantly impairs the defense, the district court may nonetheless find unfairness—and thus, prejudice—emanating from the totality of counsel's errors and omissions. Although findings of fairness or unfairness may, in some cases, present difficulties, the logic of *Cooper v. Fitzharris* and the need for effective appellate review requires a finding of prejudice as well as a finding that counsel's performance slipped below the acceptable standard.

To draw a distinction between "specific" errors and omissions, on the one hand, and "total" unpreparedness on the other, misses

*Chatman v. United States*, 411 F.2d 1139 (9th Cir. 1969); *Sanchez v. United States*, 398 F.2d 799 (9th Cir. 1968); *Thomas v. United States*, 363 F.2d 849 (9th Cir. 1966).

5. *See, e. g., United States v. Walker*, 576 F.2d 253, 256 (9th Cir. 1978), *as amended* 590 F.2d 297 (9th Cir. 1979). "Defense counsel did the best he could under the circumstances; his trial tactics and the ultimate result were dictated by the facts of the case." *Id.*

The dissenting opinion expresses some bewilderment as to the tactical considerations that might dictate defense counsel's failure to investigate. To be sure, Ewing's attorney had an ethical duty to investigate the case thoroughly. The trial court found this was not done, and we do not dispute that finding. However, *on this record* it is impossible to determine whether counsel's failure stemmed from tactical considerations, or sloth.

For instance, when this case went to trial, defense counsel had leave from the trial court to halt the proceedings at any time if the evi-

dence on the marijuana charge required, in counsel's view, further investigation [R. at 15]. The record also reveals that defense counsel was successful in obtaining judgments of acquittal on the far more serious cocaine charge and heroin count *without presenting any evidence or cross-examining any witnesses* [R. at 174; *Id.* at 192]. Having obtained the acquittal at the close of the government's case on the heroin and cocaine charges, counsel might have decided that the best defense for Ewing was to argue the weakness of the government's proofs to the jury on the marijuana charge, instead of availing himself of the opportunity to investigate. This was, of course, improper.

But what is "unethical" may not always result in prejudice to a client. And on this record, we cannot say whether the defendant was prejudiced. That is for the district judge to determine, and it is to the district judge we remand this case for the purpose of making that determination.

the mark. To do so would require findings of prejudice in the former case, but would presume prejudice in the latter. There are two reasons why this purported distinction should not be embraced. First, *Cooper v. Fitzharris* expressly considered situations where trial counsel would be "totally" unprepared, allowing a district judge to order a new trial where multiple errors or omissions result in prejudice to the defendant, even where no one error would, by itself, require a new trial.[6] *Cooper v. Fitzharris (en banc), supra*, at 1333. Second, the right to a new trial should not and does not depend on the elusive, and perhaps chimerical, distinction between "total" and "specific" lack of preparation.[7] It should and does depend on prejudice. Any distinction between "total" and "partial" lack of preparation would be to modify *Cooper v. Fitzharris* less than four months after its *en banc* decision. Even were we in favor of such modification, an appellate panel simply cannot modify an *en banc* decision. *See Ellis v. Carter*, 291 F.2d 270, 273 n.3 (9th Cir. 1961); *Upton v. Commissioner*, 283 F.2d 716, 723 (9th Cir. 1960), *cert. denied*, 366 U.S. 911, 81 S.Ct. 1086, 6 L.Ed.2d 236 (1961).

In reversing and remanding, we are not by any means unmindful of the careful work of the district judge. The anomaly here presented is not uncommon in the judicial process. It is this: on appeal, a careful trial judge is often held to the impossible task of applying the law, not as it was at the time of his decision, but rather, as the conglomerate wisdom of an *en banc* appellate court may thereafter determine that law to be.

Here, for example, the learned district judge had no way of knowing that a finding of prejudice was required; arguably, it then was not required. Therefore, he made

no inquiry on the prejudice issue, and specifically, whether the gross inattention of counsel to the marijuana charge was a calculated strategy. Perhaps, in counsel's view, the best possible result for the defendant, in light of the government's evidence was an acquittal on all charges but the marijuana count. The defendant *was* acquitted on the heroin and cocaine charges for which he was concurrently tried. What sort of prejudice arose when defense counsel achieved *that* result? On this record we don't know, and the trial judge quite properly considered it irrelevant to his duty of inquiry as the law then stood.

█ But the law now requires his consideration of whether, on the entire record, there was prejudice resulting from the total performance of counsel. We take particular note of the careful work of the district judge. However, it was undertaken at a time when the law of this Circuit was unclear. The law is no longer uncertain. Although the district judge was careful, he was not clairvoyant or prescient. The *en banc* opinion in *Cooper v. Fitzharris*, handed down after the district judge entered his order, requires a further finding of prejudice if the defendant is to receive a new trial.

We are therefore compelled to reverse the order of the district court, and remand the case for further proceedings in light of this opinion and *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) *(en banc)*. So ordered.

ELY, Circuit Judge (dissenting):

I respectfully dissent. While I recorded my disagreement with the majority in *Cooper v. Fitzharris* by joining in my Sister

---

6. On remand in this case, the district judge would have grounds for reversing appellant's conviction and ordering a new trial if he concludes that prejudice to Ewing's defense resulted from the cumulative impact of the multiple defalcations of his counsel.

7. The dissent nowhere indicates how district or appellate courts might distinguish situations where counsel is "totally" unprepared from those instances where multiple, specific errors

or omissions form the operative basis for a claim of ineffective representation. Presumably, the instant case, where there are six cited errors and omissions, (*See* Opinion at 393), in addition to defendant's trial counsel's grossly inadequate" statement to the Court at defendant's sentencing, would qualify as an instance of "total" lack of preparation under the dissenting opinion's analysis.

Hufstedler's dissent, see 586 F.2d 1325, 1334 (Hufstedler, J., dissenting), I recognize that *Cooper* controls "where . . . the claim of ineffective assistance is founded upon specific acts and omissions of defense counsel at trial . . . ." *Cooper v. Fitzharris, supra,* at 1327; *see also id.* at 1331. The present claim of ineffective assistance of counsel does not, however, stem from specific acts or omissions of counsel at trial. Rather, the claim derives from counsel's total lack of investigation and preparation. In the words of the District Court, "counsel's lack of investigation and preparation as to Count Two . . . was so complete as to pervade the entire proceedings." Unlike *Cooper,* wherein the prejudicial effect of the specific acts and omissions "can be evaluated from [the] record with reasonable certainty," 586 F.2d at 1332, the District Court here, faced with counsel's complete lack of preparation throughout the entire proceedings, could only "speculate" as to what might have been.[1] It seems apparent, too, that the nature of this distinction lay at the very heart of the majority opinion in *Cooper v. Fitzharris,* 586 F.2d at 1332.[2]

I agree with the majority that "[t]he touchstone here, as in all cases where ineffective assistance of counsel is alleged, is a fair trial." Majority Opinion p. 396. From the record before us, I think it is absolutely clear that the District Court found that appellant was denied a fair trial because of counsel's abysmal lack of preparation and investigation and "his subsequent grossly inadequate assertion of petitioner's rights." These are the kinds of determinations by district judges to which we, at the appellate level, should accord some deference and respect. My Brothers gloss over the careful work of the district judge as if that work had never been done.

I am also perplexed, and even bewildered, by the majority's statement that "the decision to proceed in an unprepared state may itself have been the tactical decision of a trial attorney confronted with overwhelming evidence." Majority Opinion p. 396. It is the solemn duty of an attorney, especially an attorney undertaking to defend an individual accused of crime, to prepare and investigate every aspect of a case before proceeding to trial.[3] In light of this duty, it defies my imagination to accept the majori-

---

1. *See Cooper v. Fitzharris, supra,* at 1332:
 When no counsel is provided, or counsel is prevented from discharging his normal functions, the evil lies in what the attorney does not do, and is either not readily apparent on the record, or occurs at a time when no record is made. "Thus an inquiry into a claim of harmless error here would require, unlike most cases unguided speculation," [*Holloway v. Arkansas,* 435 U.S. 475, 491, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978)] and a rule requiring that the record reflect that the defendant was "prejudiced . . . in some specific fashion would not be susceptible to intelligent, even handed application." *Id.* at 490, 98 S.Ct. at 1182. This situation is to be distinguished from the usual one in which a harmless error rule is applied: "In the normal case where a harmless error rule is applied, the error occurs at trial and its scope is readily identifiable. Accordingly, the reviewing court can undertake with some confidence its relatively narrow task of assessing the likelihood that the error materially affected the deliberations of the jury." *Id.* at 490, 98 S.Ct. at 1182.

2. Because *Cooper* itself not only detailed, but also explicitly relied upon, the nature of this distinction, i. e., the varying ability to evaluate

prejudice, I cannot understand why its reiteration and application here "would be", as the majority writes, "to modify *Cooper v. Fitzharris* less than four months after its *en banc* decision." Indeed, it appears to me that my Brothers ignore this fundamental premise of *Cooper* and, in so doing, contradict the analytical underpinnings of that decision.

3. The American Bar Association Project on Standards for Criminal Justice, in its "Standards Relating to the Prosecution Function and the Defense Function" (Approved Draft, 1971), enunciated this duty:
 4.1 Duty to investigate.
 It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty.
 A.B.A. Standards, *supra,* § 4.1.

ty's proposition that a complete lack of preparation and investigation, in any case or in any circumstances whatsoever, could be deemed to be a "tactical decision" made by the attorney.

I would affirm.