UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Ramon Matta BALLESTEROS,
Defendant–Appellant.

No. 99–56500.
D.C. CV–98–01126–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Nov. 19, 2001.

Before PREGERSON, REINHARDT,
and SILVERMAN, Circuit Judges.

MEMORANDUM [1]

1. This disposition is not appropriate for publi-    cation and may not be cited to or by the

This appeal arises from the District Court's denial of Juan Ramon Matta Ballesteros's ("Matta") motion to vacate, set aside, or correct his sentence for his conviction of one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963, one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and eight counts of aiding and abetting with the distribution, or attempted distribution, of cocaine, in violation of 21 U.S.C. § 841(a)(1), § 846, and 18 U.S.C. § 2. Matta's conviction was affirmed on direct appeal by the Ninth Circuit in an unpublished memorandum. This case has come to be known as the "Arizona case" because the facts involved the use of an airstrip in Young, Arizona. Matta was also convicted in a case known as the "Camarena" case, which involved the kidnaping and murder of Drug Enforcement Administration ("DEA") Special Agent Enrique Camarena, *see United States v. Matta–Ballesteros*, 71 F.3d 754 (9th Cir.1995), *cert. denied*, 519 U.S. 1118, 117 S.Ct. 965, 136 L.Ed.2d 850 (1997).

In his federal habeas corpus petition, Matta argues that his trial counsel was ineffective in violation of the Sixth Amendment. Matta's claim is based on four propositions: (1) defense counsel failed to timely assert Matta's rights under the double jeopardy clause of the Fifth Amendment; (2) defense counsel failed to investigate the illegality and inadmissibility of wiretap evidence gathered in Spain and failed to accurately confront the Spanish police regarding their violations of Spanish law; (3) defense counsel committed numerous errors that were both deficient and prejudicial to the outcome of the trial; and (4) the cumulative effect of counsel's errors at trial prejudiced the outcome of the trial and created uncertainty as to the reliability of that outcome. The District Court denied Matta's motion to vacate, set aside, or correct his sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294(1) and 2253, and we affirm.

■ Matta first argues that he was denied effective assistance of counsel in violation of the Sixth Amendment because his trial counsel did not file a motion to dismiss based on double jeopardy. Matta argues that under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), his subsequent prosecution in the Arizona case should have been barred by his earlier prosecution in the Camarena case. He asserts that his trial attorney's failure to file a pre-trial motion to dismiss the Arizona indictment based on the "same conduct" test established in *Grady* constitutes ineffective assistance of counsel. Matta's argument fails, however, because it is based on law that has subsequently been overruled by the Supreme Court. *See U.S. v. Dixon*, 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (overruling *Grady v. Corbin*). In overruling *Grady*, the Court reinstated the "same-elements" test, sometimes referred to as the "*Blockburger*" test, "[which] inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696, 113 S.Ct. 2849. Because Matta cannot establish that prosecution in the Arizona case was based on the "same elements" as his prosecution in the Camarena case, there is no double jeopardy violation.

■ Matta's argument that the court should evaluate an ineffective assistance of counsel claim based on the state of the law at the time the attorney rendered the alleged ineffective assistance is directly re-

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

futed by Supreme Court case law. In *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the Supreme Court held that a defense attorney's failure to make an objection during sentencing that was available to the defendant under a case valid at the time of the sentencing proceedings but that was subsequently overruled did not constitute ineffective assistance of counsel.

■ Matta next contends that his trial counsel rendered ineffective assistance by failing to investigate and challenge the allegedly illegal wiretap evidence from Spain or to effectively confront the Spanish police officers. We do not need to evaluate whether the failure of Matta's counsel to adequately investigate or challenge the Spanish wiretap evidence fell below an objective standard of reasonableness because even if it did, such inadequate performance must also have been prejudicial. The District Court ruled that:

> Defendant does not show that he suffered prejudice from the admission of Defendant's wiretapped conversation into evidence. Even without this evidence, the testimony of Mr. Drummond, Mr. Retamoza, and Special Agent Apodaca all involved the Defendant's personal communication with others about his drug trafficking activities. Accordingly, he has not shown that he is entitled to collateral relief for the Spanish wiretap evidence.

Matta offers this court no evidence that he suffered prejudice as a result of the admission of the allegedly inadmissable testimony nor does he suggest that there is a reasonable probability that the successful suppression motion would have affected the outcome. Without this showing of prejudice, Matta cannot succeed in an ineffective assistance of counsel claim.

■ Matta further contends that his trial counsel's numerous errors constitute deficient counsel and were prejudicial to the outcome of the trial. "[A] court may find unfairness-and thus prejudice-from the totality of counsel's errors and omissions." *United States v. Tucker*, 716 F.2d 576, 595 (9th Cir.1983). Matta asks the court to consider four types of alleged errors that he asserts render his trial counsel deficient and prejudicial. These errors are: (1) failure to properly file motions to suppress inadmissible evidence; (2) failure to object to inadmissible evidence; (3) failure to effectively exercise Matta's right of confrontation; and, (4) other unprofessional errors committed at trial. The District Court considered each of these allegations and concluded that "Defendant was not cumulatively prejudiced by counsel's alleged acts and omissions during trial." We have considered each of Matta's claims and agree with the District Court. Matta is unable to proffer any evidence that he suffered prejudice as a result of trial counsel's errors. Failure to prove prejudice is dispositive on a claim of ineffective assistance of counsel.

■ Finally, Matta argues that the errors committed by counsel at trial cumulatively denied Matta his right to effective assistance of counsel. A defendant may prove that he has suffered ineffective assistance of counsel based on the cumulative effect of errors. *See Wade v. Calderon*, 29 F.3d 1312, 1319 (9th Cir.1994), *cert. denied*, 513 U.S. 1120, 115 S.Ct. 923, 130 L.Ed.2d 802 (1995). In evaluating a defendant's claim, the court must ask whether the "multiple deficiencies have the cumulative effect of denying a fair trial to the petitioner ...." *Ewing v. Williams*, 596 F.2d 391, 396 (9th Cir.1979). Matta concludes that the cumulative effect of the errors addressed above prejudiced Matta's right to a fair trial and cast serious doubt on the reliability of the verdict. Despite the fact that Matta's trial attorney committed numerous errors in preparation for

and during the trial, Matta has not provided any evidence that the cumulative effect of these errors was prejudicial.

Based on the foregoing, we conclude that the District Court correctly denied Matta's motion to vacate, set aside, or correct his sentence for his conviction.

AFFIRMED.