Phu VAN HUYNH, Petitioner–
Appellant,

v.

Roy A. CASTRO, Warden Respondent–
Appellee.

No. 04–55810.

D.C. No. CV–99–04086–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Jan. 12, 2006.

Alissa Sawano Peterson, Irvine, CA, for
Petitioner–Appellant.

Alana Cohen Butler, Esq., Kevin R. Vi-
enna, Esq., Office of the California Attor-
ney General, San Diego, CA, for Respon-
dent–Appellee.

Before PREGERSON, CLIFTON,
Circuit Judges, and HICKS, District
Judge.[1]

## MEMORANDUM [2]

Appellant Phu Van Huynh appeals the
district court's denial of his petition for
writ of habeas corpus. Two issues have
been certified for appeal: (1) Whether the
prosecutor engaged in impermissible
vouching during closing arguments; and
(2) whether Appellant's trial counsel was
ineffective for failing to object to the al-

leged impermissible vouching at closing
argument. Appellant has also briefed sev-
eral uncertified issues.

We have reviewed the district court's
decision to deny the habeas petition *de
novo*, seeking to determine whether the
state court's adjudication on the merits
resulted in a decision that was contrary to,
or involved an unreasonable application of,
clearly established federal law. *Arnold v.
Runnels*, 421 F.3d 859, 862 (9th Cir.2005);
*Delgado v. Lewis*, 223 F.3d 976, 981–82
(9th Cir.2000).

We find that none of the statements
placed "the prestige of the government
behind a witness," *United States v. Leon–
Reyes*, 177 F.3d 816, 821 (9th Cir.1999)
(citing *United States v. Necoechea*, 986
F.2d 1273, 1276 (9th Cir.1993)), in a man-
ner that "so infected the trial with unfair-
ness as to make the resulting conviction a
denial of due process." *Darden v. Wain-
wright*, 477 U.S. 168, 181, 106 S.Ct. 2464,
91 L.Ed.2d 144 (1986) (quoting *Donnelly v.
DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct.
1868, 40 L.Ed.2d 431 (1974)). Even if an
error was found to exist, it would undoubt-
edly be harmless. *See Brecht v. Abraham-
son*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123
L.Ed.2d 353 (1993) (under harmless error
standard reversal is warranted only when
the error has a "substantial and injurious
effect or influence in determining the
jury's verdict"). Accordingly, Appellant's
ineffective assistance of counsel claim must
also fail as no injury to Appellant can be
shown. *See Ewing v. Williams*, 596 F.2d
391, 395 (9th Cir.1979) (providing that "the
law in this Circuit is clear that where an
allegation of ineffective assistance of coun-
sel is premised on specific acts or omis-

---

1. The Honorable Larry R. Hicks, District
   Court Judge for the District of Nevada, sitting
   by designation.

2. This disposition is not appropriate for publi-
   cation and may not be cited to or by the
   courts of this circuit except as may be provid-
   ed by Ninth Circuit Rule 36–3.

sions of counsel, the allegation must be buttressed by a showing of injury or prejudice to the defendant.").

We have reviewed the uncertified issues briefed by Appellant, construing them as a motion to expand the certificate of appealability as required by Circuit Rule 22–1(e). We conclude that Appellant has not made a "substantial showing of the denial of a constitutional right," *Pham v. Terhune,* 400 F.3d 740, 742 (9th Cir.2005) (internal quotations omitted), and therefore determine it is not appropriate to address Appellant's uncertified issues. Ninth Circuit Rule 22–1(e).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.